Basile & Testa, P.C.
By:   Michael L. Testa, Sr., Esquire
424 W. Landis Avenue
Vineland, NJ 08360
Counsel for the Plaintiff

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY - CAMDEN**

| | |
|---|---|
| CURT DORSHEIMER<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF CAPE MAY, NEW JERSEY, CAPE MAY COUNTY CORRECTIONAL CENTER, PRISON HEALTH SERVICES INCORPORATED, CORRECTIONAL HEALTH SERVICES, INC., WARDEN RICHARD HARRON and JOHN DOES (1-5) and JANE DOES (1-5), jointly, severally and/or in the alternative,<br><br>Defendants | Civil Action No.<br><br><br><br>**COMPLAINT** |

The above listed Plaintiff was an inmate housed at the Cape May County Correction Center located in Cape May Court House, New Jersey for all relevant time periods.

**JURISDICTION**

This Complaint presents Federal claims for which this Court has jurisdiction under 28 U.S.C. §1331 and 42 U.S.C. §1983, and State law claims for which this Court has supplemental jurisdiction under 28 U.S.C. §1367.

## VENUE

Venue lies with the United States District Court, Camden County, New Jersey, for the Federal and State claims presented.

## FACTUAL STATEMENT

1. On or about July 15, 2005, the Plaintiff, Curt Dorsheimer, a private citizen, became an inmate at the Cape May County Correctional Center (hereinafter referred to as the "Cape May Jail").

2. Shortly after being incarcerated at the Cape May County Jail, the Plaintiff, Curt Dorsheimer began exhibiting signs and symptoms of an infection.

3. It was discovered that Plaintiff, Curt Dorsheimer contracted an infection caused by Staphylococcus aureus bacteria.

4. It was discovered that this infection was contracted during the course and scope of his confinement at the Cape May Jail.

5. Staphylococcus aureus is a disease caused by bacteria occurring in grapelike clusters. Staphylococcus aureus is commonly present on skin and mucous membranes; it causes boils and internal abscesses. MRSA (or multiple) resistant Staphylococcus aureus is an increasingly common dangerous bacterium that is resistant to many antibiotics.

6. It was later discovered upon his release from the Cape May Jail that plaintiff, Curt Dorsheimer contracted MRSA.

7.      The Cape May Jail is a jail operated and controlled by the Cape May County Government. At all relevant times, the Cape May County Correctional Center and the County of Cape May acted under color of state law.

8.      The Defendant, Richard Harron ("Harron") is the Warden, of the Cape May Jail is charged with the responsibility to ensure the safety of inmates and staff. Defendant Harron is the policy-maker for the Cape May Jail, at all relevant times, was acting under color of state law.

9.      The Cape May Jail has a contract with the Defendant Prison Health Services Incorporated ("PHS") for the provision of medical services within the medical unit located at the Cape May Jail. PHS is responsible for detecting, treating and responding to the medical needs of the inmates housed at the Cape May Jail.

10.     The Cape May Jail has a contract with the Defendant Correctional Health Services, Inc. ("CHS") for the provision of medical services within the medical unit located at the Cape May Jail. CHS is responsible for detecting, treating and responding to the medical needs of the inmates housed at the Cape May Jail.

11.     Defendants, John Does (1-5) and Jane Does (1-5), were at all relevant times agents, employees and representatives of the Cape May Jail and/or PHS and/or CHS.

12. Procedure and protocol require that upon admission to the Cape May Jail every newly admitted inmate receive testing for infectious disease such as staphylococcus aureus bacteria.

13. Upon information and belief, the Defendants PHS and/or CHS and/or the Cape May Jail either did not perform, failed to detect or ignored the required testing procedures for staphylococcus aureus bacteria.

14. The Plaintiff, Curt Dorsheimer has tested positive for MRSA as a result of the Cape May Jail, PHS and CHS's negligence and/or deliberate indifference to his safety.

15. The Plaintiff, Curt Dorsheimer has been unnecessarily exposed to a life threatening disease, has suffered permanent injury, required hospitalization, suffered fear and anxiety regarding the uncertainty of his medical conditions, suffered emotional distress, other bodily injury and will continue to require medical monitoring, treatment and education regarding his condition.

### FIRST COUNT

(*Eighth Amendment, Equitable Relief and Damages Claims*)

16. The above paragraphs are incorporated as if fully set forth herein.

17. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.

18.     The Plaintiff has been exposed to a serious medical condition and has the need for treatment and education.

19.     The behavior on the part of the Defendant prison officials, PHS and CHS constitutes a deliberate indifference to that need.

20.     The exposure to and contracting of Staphylococcus aureus, is a serious medical need and has been diagnosed by medical care providers and is also so obvious that a lay person would recognize the necessity for doctor's attention, and these conditions which, if untreated, would result in lifelong handicaps or permanent loss.

21.     As a direct and proximate result of the Defendants deliberate indifference and PHS and CHS' negligence the Plaintiff has been caused to be exposed to a life threatening disease, has suffered permanent injury, has required hospitalization, suffered fear and anxiety regarding the uncertainty of his medical condition, suffered emotional distress, other bodily injury and will continue to require medical monitoring, treatment and education regarding his condition.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, jointly, severally, and in the alternative, for:

   a.   Compensatory damages;

   b.   Punitive damages;

   c.   Attorneys' fees and costs;

   d.   For such further relief as the Court deems equitable and just.

## **SECOND COUNT**

*(Fourteenth Amendment, due process claims for
equitable and compensatory damages)*

22. The above paragraphs are incorporated as if set forth fully herein.

23. The Defendants failed to have in place proper procedures, training, precautionary measures for the detection, treatment, segregation, notification, on-going monitoring of persons infected with or suspected to be infected with a highly contagious disease, including Staphylococcus aureus at the Cape May County Jail.

24. Persons incarcerated at the Cape May County Jail have the constitutional right to be fully informed of their health and medical condition, care, treatment and access to their medical records upon being exposed to highly contagious diseases while incarcerated at the Cape may County Jail. The Defendants have failed to provide and have in place proper and established and consistent policies, practices, training and systems regarding the testing, education, monitoring, segregation and treatment of Staphylococcus aureus. The policy or custom itself, in place for screening newly admitted inmates to the Cape May County Jail for infectious disease including Staphylococcus aureus, rather than just its implementation was clearly faulty and inadequate, was known to the higher ups in the Defendants' organization that their policies were being ignored or not properly implemented and that there

was a "culture" of prison employees/PHS and CHS employees ignoring official policies and procedures, and that this "culture" was known to the higher ups at PHS and CHS and the County.

25. The Defendants acted with deliberate indifference when they failed and or refused to act to ensure the personal security of those incarcerated at the Cape may County Jail despite knowledge of a substantial risk of serious harm and therefore deprived the Plaintiff of life and liberty and injury to life guaranteed as afforded under the due process clause of the Fourteenth Amendment to the Constitution.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, jointly, severally, and in the alternative, for:

    a.    Compensatory damages;

    b.    Punitive damages;

    c.    Attorneys' fees and costs;

    d.    For such further relief as the Court deems equitable and just.

### COUNT THREE

*(Negligence Claims against PHS and CHS; this count is to be amended upon the expiration of the six month time frame for the filing of the New Jersey Tort Claims Notice to name the County of Cape May for Negligence Claims)*

26. The above paragraphs are incorporated as if set forth at length herein.

27. As a direct and proximate result of the actions as more fully set forth above, the Defendant PHS and CHS negligently caused the Plaintiff to come into exposure with Staphylococcus aureus and failed to take the necessary precautions to screen for those admitted to the jail for highly infectious disease, including Staphylococcus aureus, failed to provide adequate medical care, treatment, education and follow-up procedures to address questions, anxiety and fear of those who came or may have come into contact with those who tested positive for Staphylococcus aureus and failed to ensure the segregation of those suspected with Staphylococcus aureus from the general population.

28. As a result of the Defendants negligence, Plaintiff has been caused to suffer permanent injury, disability, fear for future medical conditions, future medical expenses, fear, anxiety of the unknown, exacerbation of medical conditions, medical treatment he would not otherwise have been required to undergo, hospitalization, on-going medical monitoring, other compensatory and consequential damages, attorneys fees and costs.

**WHEREFORE**, the Plaintiff seek judgment against the Defendants for compensatory damages, punitive damages, attorneys' fees and costs, and such other relief as the Court deems just.

### FOURTH COUNT
### (John/Jane Doe [1-5])

29. The above paragraphs are incorporated as if set forth at length herein.

30. As a result of Defendants, John Does (1-5) and Jane Does (1-5)'s negligence and carelessness, Plaintiff suffered permanent injury, required hospitalization, suffered fear and anxiety regarding the uncertainty of his medical condition, suffered emotional distress, other bodily injury and will continue to require medical monitoring, treatment and education regarding his condition.

**WHEREFORE**, Plaintiff, demands judgment against the Defendants, John Does (1-5) and Jane Does (1-5), for any and all damages afforded by the laws of the State of New Jersey, including but not limited to compensatory, consequential, future loss, punitive, interest, costs of suits, and such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to F.R.C.P. 38(b) and 48, Plaintiff hereby demands trial by jury in accordance with those rules as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Michael L. Testa, Sr., Esquire as trial counsel in this matter.

BASILE & TESTA, P.A.

Dated: July 10, 2007       By: _____
                               MICHAEL L. TESTA, SR., ESQUIRE

**CERTIFICATION**

The undersigned counsel certified that there are no other actions or arbitrations pending or contemplated involving the subject matter of this controversy at this time and there are no additional known parties who should be joined to present action this time. We certify that the foregoing to be true. We are aware that if the foregoing statements are willfully false, we am subject to punishment.

                                          BASILE & TESTA, P.A.

Dated: July 10, 2007      By: _____
                                           MICHAEL L. TESTA, SR., ESQUIRE